UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

        Plaintiff,

v.                                         Case No. 18-cv-1949-pp

BROWN COUNTY JAIL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT (DKT. NO. 1) AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

At the time he filed his complaint, the plaintiff was a Wisconsin pre-trial detainee in the Brown County Jail[1]; representing himself, he filed a complaint under 42 U.S.C. § 1983 alleging that the defendant, the Brown County Jail, violated his civil rights by creating a health hazard for him. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for leave to proceed without prepaying filing fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law lets a court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the

---

[1] The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff now is incarcerated at the Columbia Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

1

plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 15, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $0.03. Dkt. No. 8. On January 29, 2019, the court received a letter from the plaintiff in which he explained that he cannot pay that amount. Dkt. No. 10-1. The court is satisfied that the plaintiff neither has the assets nor the means to pay. See 28 U.S.C. § 1915(b)(4). The court will waive the initial partial filing fee and require the plaintiff to pay the filing fee over time in the manner explained at the end of this order.

**II.    Screening the plaintiff's complaint**

    A.    Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, that they make the complaint "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States and that whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on October 16, 2018, the Brown County Jail "created a health hazard" for him. Dkt. No. 1 at 2. The plaintiff states that he "activated" a "cert call"[2] at around 1:00 p.m. Id. He explains that he told the "cert team" that he could not be "tazed with a stun gun" because he had two titanium rods and 180 screws in his back. Id. He also explained that he could not get sprayed with "OC spray"[3] because he has asthma and "seizures/suto-seizures due to epilepsy issues." Id. at 2-3. The plaintiff states that he does not know why the "cert team made this major error," but says that due to the

---

[2] "Correctional emergency response unit" team, trained to respond to emergency needs related to riots, hostage situations, disturbances, fires, medical or other emergency situations. https://www.browncountywi.gov/government/sheriffs-office/specialty-units/.

[3] Oleoresin capsicum, or pepper, spray.

"major error" he is asking for $100,000 due to his being traumatized and $950,000 for "pain and suffering, trauma, excessive force to an inmate." Id. at 3. He says he asks for these damages so that this "issue/error will not happen again." Id. at 4.

C. The Court's Analysis

The plaintiff does not describe the "major error" that he alleges the cert team made. But it sounds as if the plaintiff is trying to assert an excessive force claim. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Kingsley v. Hendrickson, 576 U.S. 389, 397-98 (2015) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). "Punishment" can include actions taken with the intent to punish, id. at 398 (citing Bell v. Wolfish, 441 U.S. 520, 538 (1979), or actions that "are not 'rationally related to a legitimate nonpunitive government purpose' or that . . . 'appear excessive in relation to that purpose,'" id. (citing Bell, 441 U.S. at 541-43).

The plaintiff's complaint cannot proceed as it is for two reasons. First, the plaintiff cannot sue the Brown County Jail under §1983. Gill v. Brown Cty. Jail, No. 17-CV-873-PP, 2018 WL 3014834, at *3 (E.D. Wis. June 15, 2018). The Brown County Jail is a part of Brown County, not a free-standing legal entity that can be sued in its own right. Gambrell v. Brown Cty. Jail Health Servs., No. 15-C-1146, 2015 WL 6873229, at *2 (E.D. Wis. Nov. 9, 2015) (holding that Brown County Jail is neither a "suable entit[y] under § 1983" nor

4

a "legal entit[y] separate from the county government and therefore not subject to suit"). The Brown County Jail is not a proper defendant.

Second, the plaintiff has not identified which cert team officers arrived at his cell. Section 1983 limits liability to jail officials who are personally responsible for a constitutional violation. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For a jail official to be liable, the *individual* official must have caused or participated in a constitutional violation. See Hildebrandt v. Ill. Dept. of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003). To state a claim, the plaintiff must identify specific people on the cert team who used excessive force. If he does not know the names of the particular individuals, he can identify them as "John Doe" or "Jane Doe" and then describe them—three John Doe cert team members on duty at 1:00 p.m. on October 16, 2018, or John Doe cert team member with brown hair and glasses.

Nor does the plaintiff explain what happened when the cert team members arrived, what "major error" the cert team made or what physical injuries the plaintiff suffered as a result of the cert team's conduct. The court needs these details to determine whether the plaintiff states a claim for excessive force. The court will allow the plaintiff to file an amended complaint to provide these details.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answers to the following question: 1) Who—which specific individuals—violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When

5

Case 2:18-cv-01949-PP   Filed 07/14/20   Page 5 of 8   Document 12

did each person violate his rights? The amended complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights.

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-cv-1949—in the field for "Case Number." He must list all the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Plaintiff cannot simply say, "Look at my first complaint for further information."  See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If the plaintiff files the amended complaint by the deadline, the court will screen it under 28 U.S.C. §1915A. If the plaintiff decides he does not wish to proceed with this lawsuit, he doesn't need to do anything. If the court does not receive the amended complaint by the deadline the court sets below, the court will dismiss the case without further notice or hearing.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **ORDERS** that if he wants to proceed with this lawsuit, the plaintiff must file an amended complaint that complies with the instructions in this decision. The court **ORDERS** that the plaintiff must file the amended complaint in time for the court to *receive* it by the end of the day on **September 4, 2020.** If the court does not receive the amended complaint by the end of the day on Friday, September 4, 2020, the court will dismiss the case on the next business day.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[4] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[4] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Case 2:18-cv-01949-PP   Filed 07/14/20   Page 8 of 8   Document 12