UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. SCHLAGENHAFT,

        Plaintiff,

        v.                                                   Case No. 18-cv-1949-bhl

LT. HALASI, LT. TIMRECK,
LT. SCHARTNER, CORPORAL MEKASH,
CORPORAL LEYENDECKER, and
CORPORAL NELSON,

        Defendants.

---

## ORDER

---

Plaintiff Michael A. Schlagenhaft, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they used a chemical agent on him. (ECF. No. 1.) The court screened the plaintiff's complaint and gave him the opportunity to file an amended complaint by September 4, 2020 identifying the individuals who were on the "cert team" that allegedly used the chemical agent and stomped on him. (ECF. No. 12.) The plaintiff filed an amended complaint on September 8, 2020. (ECF. No. 13.) On September 23, 2020, the case was reassigned to a new judge. This order screens the amended complaint.

### SCREENING THE AMENDED COMPLAINT

    **A.**    **Federal Screening Standard**

The court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure

1

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B.     Allegations in the Amended Complaint

The plaintiff alleges that on October 16, 2018 around 1:00 p.m., the defendants, Lt. Halasi, Lt. Timreck, Lt. Schartner, Corporal Mekash, Corporal Leyendecker, and Corporal Nelson sprayed him "with OC in an attempt to get me out of my cell." (ECF No. 13 at 2.) This happened during a "cert team activation." (*Id.*) The plaintiff also alleges that the defendants "started stomping on my back" because they thought he was resisting extraction. (*Id.*)

The plaintiff asserts that in stomping on his back, the defendants dislodged one of the screws in his back, causing severe pain and temporary paralysis. (*Id.*) The plaintiff also states that the defendants never should have used OC spray on him in the first place because he has asthma. (*Id.*) The plaintiff seeks $950,000 in damages. (*Id.* at 3.)

### C.     Analysis

The plaintiff alleges that the defendants violated his Eighth Amendment rights by using OC spray and stomping on his back in an effort to extract him out of his cell. Whether a plaintiff states a claim of excessive force in violation of the Eighth Amendment's Cruel and Unusual

2

Punishment clause turns on "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Gomez v. Randle*, 680, F.3d 859, 864 (7th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Thus, the plaintiff "must establish that prison officials acted wantonly; negligence or gross negligence is not enough." *Id.*

At this stage, the plaintiff sufficiently alleges an Eighth Amendment excessive force claim against the defendants. While he does not explicitly deny that he was resisting the cell extraction, by putting "resisting" in quotes in his complaint, he implies that he was not resisting. With that in mind, if the plaintiff was not resisting, and the defendants deployed OC spray, that would constitute excessive force under the Eighth Amendment. *See Lewis v. Downey*, 581 F.3d, 467, 478 (7th Cir. 2009) (holding that it was a constitutional violation where officers used a taser on a calm and unagitated plaintiff). Regarding stomping on the plaintiff's back, he alleges the force was so hard it dislodged a screw in his spine. While the significance of a physical injury alone generally does not meet the threshold to state a claim, s*ee Guitron v. Paul*, 675 F.3d 1044, 1045-1046 (7th Cir. 2012), when combined with the plaintiff's implicit allegation that he was not resisting the cell extraction, he adequately alleges that the defendants' actions were wanton. The plaintiff may proceed on an Eighth Amendment excessive force claim against all defendants.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint (ECF No. 13) and this order upon defendants Lt. Halasi, Lt. Timreck, Lt. Schartner, Corporal Mekash, Corporal Leyendecker, and Corporal Nelson pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants Lt. Halasi, Lt. Timreck, Lt. Schartner, Corporal Mekash, Corporal Leyendecker, and Corporal Nelson shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2020.

/s Brett H. Ludwig
Brett H. Ludwig
United States District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.